IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAUNI WILLIAMS,                               No. CIV S-02-2347-DFL-CMK

    Plaintiff,

  vs.                                               ORDER

BANK OF AMERICA,

    Defendant.

_____/

        On April 14, 2003, plaintiff filed an amended complaint adding Bank of America as a defendant. Following dismissal of defendant Fortis Benefits Insurance Company on March 28, 2005, defendant Bank of America is the sole remaining defendant to this action. The amended complaint appears to have been properly served, via certified mail, on June 24, 2004. United States Post Office records submitted to the court by plaintiff show that the amended complaint was received by defendant Bank of America. To date, defendant Bank of America has failed to respond to plaintiff's amended complaint.

        On September 9, 2004, plaintiff filed a motion for default judgment against defendant Bank of America. On August 9, 2005, the court denied plaintiff's motion for default without prejudice and ordered defendant Bank of America to show cause in writing, within 20

days from the date of the order, why default judgment should not be entered against it.  That order was subsequently returned by the United States Post Office as undeliverable.. Upon review of the court's file, it appeared that the August 9, 2005, order was not sent to the address shown on plaintiff's service records.  By order issued on September 9, 2005, defendant Bank of America was re-served and granted additional time to respond to the court's order to show cause. The court's order was served on defendant Bank of America at the exact address shown on plaintiff's documents.  The court's September 9, 2005, order was also returned as undeliverable because the post office box has been closed.

Upon contacting Bank of America's customer service department, the court's staff was informed that a different address is used for all legal notices to Bank of America.  On October 20, 2005, the court directed re-service of the August 9, 2005, and September 9, 2005, orders to defendant Bank of America at the address provided to court staff.  The court directed defendant Bank of America to respond to the court's orders to show cause within 30 days of the date of service of the October 20, 2005, order.  Defendant Bank of America filed a letter response to the court's orders to show cause on November 29, 2005.

In its response, defendant Bank of America first asserts that plaintiff has failed to properly effectuate service of process pursuant to the Federal Rules of Civil Procedure. Defendant Bank of America argues that entry of default judgment is improper because this court lacks personal jurisdiction over it.  Defendant Bank of America also argues that it should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) because plaintiff failed to effectuate proper service within 120 days of the filing of the complaint.  Finally, defendant Bank of America argues that, on the merits of plaintiff's claim against it, the bank is not a proper party.

/ / /

/ / /

/ / /

/ / /

1  Federal Rule of Civil Procedure 55(a) provides as follows:

2  When a party against whom a judgment for affirmative relief is
3  sought has failed to plead or otherwise defend as provided by these rules
   and that fact is made to appear by affidavit or otherwise, the clerk shall
4  enter the party's default.

5  In this case, the issue before the court is whether entry of default is appropriate because
6  defendant Bank of America has failed to "plead or otherwise defend" as provided by the rules.
7  A defendant may attack the court's jurisdiction over him by filing a motion to dismiss pursuant
8  to Federal Rule of Civil Procedure 12(b), by raising the defense in an answer to the complaint
9  and moving to dismiss later, or by not appearing in the action at all, allowing the plaintiff to take
10 a default judgment, and then by collaterally attacking such judgement for lack of personal
11 jurisdiction.  Defenses based on service  must generally be raised within the time to answer the
12 complaint.  See Fed. R. Civ. P. 12(b).  Plaintiff has submitted documents showing that an agent
13 of defendant Bank of America signed for the certified mail delivery of plaintiff's complaint on
14 June 24, 2004.  The court's records reflect that, to date, defendant Bank of America has not filed
15 a timely answer or motion under Rule 12.  Therefore, the fact that the bank has "failed to plead
16 or otherwise defend" as provided by the rules is apparent.  The Clerk of the Court will be
17 directed to enter defendant Bank of America's default.[1]

18 Plaintiff is advised that, before judgment can be entered against defendant Bank
19 of America based on its default, plaintiff must file a motion for entry of default judgment
20 pursuant to either Federal Rule of Civil Procedure 55(b)(1) or (2), whichever is appropriate in
21 this case.  Because no judgment by default can be entered until plaintiff files a motion under
22 Rule 55(b), and in the interest of managing the court's docket, plaintiff will be required to seek
23 entry of default within a time certain.  Plaintiff is cautioned that failure to comply with this order
24 may result in dismissal of this action for lack of prosecution.  See Local Rule 11-110.

---

[1] The court expresses no opinion as to whether defendant Bank of America's failure to plead or otherwise defend results in a waiver of any defenses.

Finally, the court will not consider any further filings by defendant Bank of America <u>except</u> one of the following: (1) a motion for reconsideration of this order pursuant to Eastern District of California Local Rule 72-303; (2) a motion to set aside default pursuant to Rule 55(c); or (3) if default judgment has been entered, a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to enter defendant Bank of America's default pursuant to Federal Rule of Civil Procedure 55(a);

2. Plaintiff shall file a motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b) within 60 days of the date of service of this order; and

3. The Clerk of the Court shall serve this order on Kristine K. Blanco, Esq., of the law firm of Seyfarth Shaw, LLP, attorneys for defendant Bank of America at the following address:

>  Kristine K. Blanco, Esq.
>  Seyfarth Shaw, LLP
>  400 Capitol Mall, Suite 2350
>  Sacramento, CA 95814

DATED: December 4, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE