IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNI WILLIAMS, | No. CIV S-02-2347-DFL-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| BANK OF AMERICA, | |
| Defendant. | |
| _____/ | |

Currently pending before the court are: (1) plaintiff's motion for entry of default judgment (Doc. 52); (2) defendant's motion to set aside entry of default (Docs. 54, 55, and 59).

**I. BACKGROUND**

On April 14, 2003, plaintiff filed a first amended complaint adding Bank of America as a defendant. Following dismissal of defendant Fortis Benefits Insurance Company on March 28, 2005, defendant Bank of America was left as the sole remaining defendant to this action. The amended complaint appears to have been properly served, via certified mail, on June 24, 2004. United States Post Office records submitted to the court by plaintiff show that the amended complaint was received by defendant Bank of America. To date, defendant Bank of

1

America has failed to respond to plaintiff's amended complaint.

On September 9, 2004, plaintiff filed a motion for default judgment against defendant Bank of America. On August 9, 2005, the court denied plaintiff's motion for default without prejudice and ordered defendant Bank of America to show cause in writing, within 20 days from the date of the order, why default judgment should not be entered against it. That order was subsequently returned by the United States Post Office as undeliverable.. Upon review of the court's file, it appeared that the August 9, 2005, order was not sent to the address shown on plaintiff's service records. By order issued on September 9, 2005, defendant Bank of America was re-served and granted additional time to respond to the court's order to show cause. The court's order was served on defendant Bank of America at the exact address shown on plaintiff's documents. The court's September 9, 2005, order was also returned as undeliverable because the post office box has been closed.

Upon contacting Bank of America's customer service department, the court's staff was informed that a different address is used for all legal notices to Bank of America. On October 20, 2005, the court directed re-service of the August 9, 2005, and September 9, 2005, orders to defendant Bank of America at the address provided to court staff. The court directed defendant Bank of America to respond to the court's orders to show cause within 30 days of the date of service of the October 20, 2005, order. Defendant Bank of America filed a letter response to the court's orders to show cause on November 29, 2005.

In its response, defendant Bank of America first asserted that plaintiff had failed to properly effectuate service of process pursuant to the Federal Rules of Civil Procedure. Defendant Bank of America argued that entry of default judgment would be improper because this court lacks personal jurisdiction over it. Defendant Bank of America also argued that it should be dismissed pursuant to Federal Rule of Civil Procedure 4(m) because plaintiff failed to effectuate proper service within 120 days of the filing of the complaint. Finally, defendant Bank of America argued that, on the merits of plaintiff's claim against it, the bank is not a proper

party.

On December 6, 2005, the court issued an order rejecting these arguments and directing the Clerk of the Court to enter defendant Bank of America's default pursuant to Federal Rule of Civil Procedure 55(a). Specifically, plaintiff submitted documents showing that an agent of defendant Bank of America signed for the certified mail delivery of plaintiff's complaint on June 24, 2004. The court's records reflect that defendant Bank of America had not filed a timely answer or motion under Rule 12. The fact that the bank had "failed to plead or otherwise defend" as provided by the rules was apparent. The Clerk of the Court entered defendant Bank of America's default on December 6, 2005

## II.  DISCUSSION

The December 6, 2005, order advised plaintiff that default judgment could not be entered until she first filed a motion under Federal Rule of Civil Procedure 55(b) for such relief. The order also stated that the court would not consider any filings from defendant Bank of America except either a motion for reconsideration, a motion to set aside entry of default, or, if default judgment has been entered, a motion for relief from judgment. Plaintiff has filed a motion for entry of default judgment and defendant has filed a motion to set aside entry of default.

### A. **Defendant's Motion to Set Aside Entry of Default**

In its motion to set aside entry of default, defendant Bank of America states that it is not the proper defendant to the this action, which is brought under ERISA. It states that plaintiff needs to amend the complaint to name the correct defendant -- the BankAmerica Long Term Disability Plan ("1998 Plan"). Defendant states that the 1998 Plan is prepared to answer and defend an amended complaint which names it. Finally, defendant's counsel states that she will accept service of any amended complaint on behalf of the 1998 Plan.

///

Essentially, defendant Bank of America's motion to set aside entry of default is also its motion to dismiss because it is not the right defendant. Plaintiff's opposition does not address the substance of this argument. Rather, she discusses the history of mailing her complaint to Bank of America and argues that the change in which entity was in charge of the plan was a ruse to confuse her and thwart her claim. Plaintiff, however, does not present any evidence to support this conclusion.

The court finds that dismissal of the first amended complaint is appropriate. Under ERISA, a plaintiff, such as the plaintiff in this case, who is seeking benefits under an employee benefit plan must name the plan as a defendant. See Ford v. MCI Communications Corp., 399 F.3d 1076, 1081 (9th Cir. 2005). Here, defendant Bank of America has informed the court that the correct defendant is the 1998 Plan. The first amended complaint should be dismissed with leave to amend to name the correct defendant. Because counsel for defendant Bank of America has agreed to accept service of such a second amended complaint on behalf of the 1998 Plan, a response should be due within a time certain following filing and service of the second amended complaint.

      **B.**      **Plaintiff's Motion for Entry of Default Judgment**

Because the court finds it appropriate that the Clerk's entry of default be set aside and that the complaint be dismissed with leave to amend, plaintiff's motion for entry of default judgment should be denied as moot.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant Bank of America's motion to set aside the Clerk's default entered on December 6, 2005, be granted;

2. Plaintiff's motion for entry of default judgment be denied as moot;

3. The first amended complaint be dismissed with leave to amend;

4

4.	Plaintiff be directed to file a second amended complaint which names as defendant the BankAmerica Long Term Disability Plan ("1998 Plan") and to serve her second amended complaint by mail on:

> Kristine K. Blanco, Esq.
> Seyfarth Shaw, LLP
> 400 Capitol Mall, Suite 2350
> Sacramento, CA 95814

5.	Defendant be directed to respond to the first amended complaint within 30 days of the date of service thereof.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 10, 2006.

*(signature)*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE